# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-40290
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2024

Lyle W. Cayce
Clerk

Cathy Haynes,

*Plaintiff—Appellant*,

*versus*

Turner Bass & Associates; Michael Bass; Damariscotta
Limited and Company; James E. Bass, *Deceased*; Christine
Bass, *Deceased*; Unknown Defendants; State of Texas;
County of Smith; City of Tyler, Texas,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-192

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Cathy Haynes, proceeding pro se, appeals the order of the district court dismissing her claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) filed against Defendant-

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Appellees the State of Texas, Smith County, and the City of Tyler, Texas (the "Public Defendants"). She also appeals the district court's dismissal of her ADA claims against the defendants who ran the self-storage facility (the "Storage Company Defendants"). In her amended complaint, Haynes alleges that the Storage Company Defendants violated her rights, and the Public Defendants failed to protect her rights, after the storage company allegedly disposed of the property she kept in a rental unit without providing the required notice and accommodating her disability.

By her failure to brief, Haynes has abandoned any challenge to the dismissal of her ADA claims against the Public Defendants and the Storage Company Defendants. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). As for the arguments that Haynes has briefed on appeal, we discern no error in the dismissal of her 42 U.S.C. § 1983 claims against the City of Tyler and Smith County, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. *See Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).

We likewise discern no error in the dismissal of her claims against the State of Texas for lack of subject matter jurisdiction. *See Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002). The State is immune from all of Haynes's claims absent waiver or abrogation, and only state officials, not the State, may be enjoined prospectively. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Turnage v. Britton*, 29 F.4th 232, 239 (5th Cir. 2022). None of these limitations on the principle of sovereign immunity apply here.

Finally, the district court acted within its wide discretion in declining to exercise supplemental jurisdiction over Haynes's state law claims. *See*

No. 23-40290

*Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016); 28 U.S.C. § 1367(c), (d).

AFFIRMED.